LUZ MILAGROS MELÉNDEZ ALVARADO ET AL., ETC., Plaintiffs and Appellees, *v.* EVANGELISTA PACHECO ET AL., Defendants and Appellants. RAFAEL GARCÍA ORRACA, ETC., Intervener and Appellant.

No. 10852. Argued June 3, 1953.—Decided June 30, 1953.

90

*E. Martínez Rivera* for appellants.   *José C. Jusino* and *Manuel Torres Reyes* for appellees.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

An action of unlawful detainer at sufferance was filed in the former District Court of Puerto Rico, Bayamón Section, where plaintiffs alleged that they are owners of a rural property and that the defendants, "without title, and without paying any rent or consideration retain the material possession, use and enjoyment of said property against the will of the plaintiffs."

Defendants filed an answer denying each and everyone of the facts alleged in the complaint and stating as "new matter and special defenses" that they "have been occupying the property described for more than ten years in the name and representation of its true owner Mr. Agustín Valiente Granda, his heirs at present, who has possessed and enjoyed it, with just title, in good faith, quietly, publicly and peacefully, without any interruption, for over a period of ten years."

At the hearing of the case on the merits, plaintiffs confined themselves to introducing documentary evidence tending to prove their title to the property, but failed to introduce evidence as to the possession by the defendants, assuming, that said possession had been admitted in the defendants' answer. On the other hand, defendants did not introduce any evidence whatsoever, assuming that plaintiffs had failed to prove their case. The case was thus submitted to the trial court, which finally rendered judgment on the following grounds:

"After their general denial of the facts in the complaint, defendants affirmatively alleged to be the owners of the property by purchase (although they do not state from whom or when) and they allege that they are in the possession of that property *per se* and through their former owners (although they do not name them) in good faith, with just title, without interruption and publicly for over 30 years, which statement constitutes a negative pregnant, relieving plaintiffs from proving those points since they are regarded as accepted; *Somonte* v. *Mimoso,* 27 P.R.R. 368; *Stephens* v. *Conley,* 138 Pac. 189, Ann Cas 1915 D. 958, 21 R.C.L. 567. Defendants failed to introduce evidence in support of their claims, nor did they object to that of plaintiffs. And the court, having the plaintiffs proved their title, and after examining § § 620 and 621 of the Civil Code, 1933 ed.; and *Colón* v. *Colón,* 51 P.R.R. 95; *Dávila* v. *Sotomayor et al.,* 35 P.R.R. 726; 134 *Jur. Civ.* Judgment of the Supreme Court of Spain of April 8, 1914; *León* v. *Alvarado,* 24 P.R.R. 654; and *Fulladosa* v. *Castro,* 27 P.R.R. 644, believes that plaintiffs are entitled to the remedy prayed for, and that a judgment ordering the ousting of the defendants from the property in question, with expenses, costs and attorney's fees shall be rendered by virtue of the conclusions to which we have arrived, and the court so orders."

Defendants have appealed to this Court, challenging the judgment rendered against them.

■ The plaintiff in an action of unlawful detainer at sufferance should, in the first instance, prove his case *prima facie*, that is, he should introduce evidence to show the title

by which he is in possession and that the property is the same one held by the defendant. *Igartúa* v. *Pérez*, 12 P.R.R. 266; *De León* v. *Pérez et al.*, 54 P.R.R. 202. Plaintiff should also introduce evidence tending to establish that defendant is a tenant at sufferance. In the case at bar, plaintiffs failed to introduce any evidence as to the possession by the defendants, and relied on alleged admissions contained in the answer, upon alleging that they were in the possession of the property in the name of its real owner, "who has possessed and enjoyed it, with just title, in good faith, quietly, publicly and peacefully, without any interruption, for over a period of ten years."

It is true that defendants admitted to a certain extent, to be in possession of the property. That allegation of possession was not isolated but it was connected and related inseparably and interlaced with the allegation that said possession was as an owner, in good faith, and without interruption for a period of over 10 years. The admission of possession was qualified by an allegation which characterized the nature of possession. The answer is wholly an antithesis of the possession at sufferance on the part of the defendants. A controversy or issue was duly raised as to whether defendants were tenants at sufferance. Therefore, plaintiffs were bound to introduce evidence on the nature of the possession by defendants, and they did not comply with said obligation.

The trial court held that the affirmative allegation of the defendants was tantamount to a "negative pregnant." It was not a negative, but an affirmative defense. The Rules of Civil Procedure tend to reduce the effectiveness of the concept "negative pregnant" because it is the common law doctrine which constitutes a fiction saturated with over-refined technicalities, and no serious penalty should attach to a denial which contains a "negative pregnant" where the pleader in good faith is seeking to controvert certain allegations. (2 Moore's Federal Practice 1683, second edition,

§ 8.24.) The Rules are not applicable to actions of unlawful detainer (*Roger* v. *Torres*, 71 P.R.R. 798) but the spirit which inspires them should serve to construe situations as the one involved in the case at bar. Actually, it is a fact that the essential allegation of the defendants is that they possess as owners and not as tenants at sufferance. Therefore, plaintiffs did not prove a *prima facie* case and hence a judgment in their favor is not in order.

It has been already held in Puerto Rico that a defendant does not admit the allegations of the complaint in an action of unlawful detainer against him as tenant at will by denying such tenancy while admitting that he holds possession as the representative of the real owner. (*Díaz et al.* v. *Morales*, 39 P.R.R. 65.) In *Escudero* v. *Mulero*, 63 P.R.R. 551, it is held that a defendant in an action of unlawful detainer, who holds possession of the property the subject matter of the action for the purpose of preserving the same, while ownership belongs to another person, may set up that he holds possession for the real owner, a person other than the plaintiffs, and introduce evidence to prove that the third person for whom he was acting had been in possession for over thirty years, since it all tends to show that his right to the possession is not a mere pretext, there arising at least a conflict of titles.

On the other hand, defendants in the case at bar failed to introduce any kind of evidence. Generally speaking, defendant in an action of unlawful detainer, has to introduce evidence which shows *prima facie* that they possess a title or are owners in order to defeat an action against them, the allegation of title being insufficient, since said allegation must be buttressed by proof that the claim to title is bona fide and by proof which raises a conflict of titles. *Faría* v. *Negrón*, 55 P.R.R. 17; *González* v. *Aponte*, 55 P.R.R. 797; *Pérez* v. *Castro*, 52 P.R.R. 263; *Colón* v. *Santiago*, 64 P.R.R. 298; *Nieves* v. *Ayala*, 66 P.R.R. 742; *Negrón* v. *Corujo*, 67 P.R.R. 371; *Ríos* v. *Román*, 71 P.R.R. 193; *Crespo* v.

*Irizarry*, 71 P.R.R. 902; *Miranda* v. *Cameron*, 19 P.R.R. 465. Strictly speaking, defendants did not have to introduce any evidence in the case at bar, since the evidence offered by plaintiffs was not sufficient to prove their case. But we can not escape the fact that both parties to the case tried to obtain technical advantages by trying to win their case with subtleties based on their allegations. Moved by the desire that substantial justice be done herein, opening a way for this case to be considered on the merits, and not on the basis of technicalities, we believe that both parties should have the opportunity of presenting the evidence which may support their respective claims. The litigants themselves should not suffer the penalty which may arise from procedural refinements. Therefore, in order to do justice, the case should be remanded to the trial court for the corresponding hearing of the case on the merits and in order that both parties may introduce evidence. Naturally, if defendants wish to be victorious they must present evidence to show the existence of a conflict of titles.

The order for payment of costs and $250 for attorney's fees should also be vacated.

The judgment appealed from will be reversed and the case remanded to the trial court for further proceedings not inconsistent with this opinion.